# S. P. McDOLE

## v.

## CALVIN SIMMONS.

*Landlord and Tenant—Lease—Action on—Verdict—Items Included Not Shown by Evidence to Have Been Due.*

In an action brought to recover for various items of account alleged to be due under the provisions of a lease, this court holds that the amount of the verdict showed that it included several items not shown by the evidence to be due, under the provisions of the instrument sued on.

[Opinion filed December 12, 1892.]

APPEAL from the City Court of Aurora, Illinois; the Hon. R. P. GOODWIN, Judge, presiding.

Mr. A. C. LITTLE, for appellant.

Mr. RANDALL CASSEM, for appellee.

MR. JUSTICE CARTWRIGHT. This is a suit by appellee against appellant to recover moneys alleged to be due under the provisions of a lease, by virtue of which appellee occupied appellant's farm, and also for board of one Robert Jones, and for work of a team and repairing a bridge at a fish pond on the farm. By the terms of the lease appellant was to have three-fourths and appellee one-fourth of the hay, straw, grain, corn and other crops, and of the increase of stock mentioned in the lease raised on the farm, in growth, value and numbers. The bill of particulars filed in the case embraced many charges and was made up mainly of items of one-fourth of hay, straw and grain, and of increase in growth, value and numbers of stock, which it was claimed had not been paid to appellee, as provided in the lease. Appellant disputed these claims and contended that he had suffered much damage by the neglect, waste and bad management of appellee as tenant. Appellee's bill of particulars amounted to $593.66, and on a trial the jury returned a verdict in his favor for $461.14, on which judgment was entered. An examination of the evidence satisfies us that even if the jury concluded that all the claims of appellant for damages were unfounded, they allowed to appellee upon his charges more than the evidence would justify. It will be sufficient to refer to enough such charges, not sustained by the evidence, as will demonstrate this fact. Among the claims of which evidence was given, was one of $7 for use of one cow and increase in growth and value of calf. This charge was founded on the provision of the lease that appellant was to put twenty cows on the farm for the joint use of the parties. The lease further provided for bearing losses by the death of any of the number,

but did not make appellee an insurer that the cows would stay on the farm, or that the number would be kept good if one should be lost. The cows were put on the farm as agreed, and appellee claimed that one disappeared the next fall. He testified that she had not had a calf, but he thought she would have had in two or three weeks, and if she had remained on the farm and the expectations that she would produce a calf had been realized, he would have made a profit of which he was deprived by her disappearance. The cow was in appellee's possession and there was nothing to charge any other person with her escape if it was a fact. Appellant was not bound to keep the number good, and the evidence should not have been admitted. There was a charge of $13.84 for share of pasture of cattle taken in the south pasture by appellant. Appellee had no interest in that matter. The south pasture was reserved by appellant except as to the right to have certain farm stock in it. Another charge was $92.63, a share of money received for hogs. The evidence clearly proved that about $42 of this amount was paid to appellee, and it tended strongly to prove that the whole charge was settled. There were also charges aggregating about $115 for a share of certain stacks of hay. The evidence was uncontradicted that appellant baled the hay and sold it, and realized, after paying expenses, $100.71, one-fourth of which would belong to appellee. The evidence also failed to sustain the charges on account of straw. Some of these charges must have been allowed by the jury in order to make up the amount returned, and the judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*